**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

|  |  |
|---|---|
| SUMMIT EQUITY GROUP, LLC, ) ) ) Plaintiff, ) ) v. ) ) SUMMIT PARTNERS, LP, ) ) Defendant. ) ) | Civil Action No. 4:07-cv-560 |

**COMPLAINT FOR DECLARATORY JUDGMENT OF TRADEMARK NON-INFRINGEMENT**

COMES NOW the Plaintiff, Summit Equity Group, LLC, by and through its attorneys McKee, Voorhees & Sease, P.L.C., and for its Complaint against Defendant Summit Partners, LP, states as follows:

**JURISDICTION AND VENUE**

1. This is an action for declaratory relief under the trademark laws of the United States, 15 U.S.C. § 1051 et seq. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

3. The Court has personal jurisdiction over defendant arising from Defendants' conducting of business in the State of Iowa and within this judicial and division.

## THE PARTIES

4. Plaintiff Summit Equity Group is an Iowa corporation having its principal place of business at 604 Locust Street, Suite 500, Des Moines, Iowa 50309.

5. Summit Equity Group has been using its name and trademark Summit Equity in commerce since February 2004.

6. Upon information and belief, Defendant Summit Partners LP ("Summit Partners") is a Delaware corporation having a principal place of business at 222 Berkeley Street, Boston, Massachusetts.

7. Summit Partners is the purported owner of several United States trademark registrations for marks including the phrase "SUMMIT PARTNERS."

## THE CONTROVERSY

8. Since February, 2004, Summit Equity Group has been consistently using its name and its trademark SUMMIT EQUITY in conjunction with its services relating to private investments in small to medium size companies having annual revenues in the range of $10-30 million in the sales/distribution and/or light manufacturing industries. Investment by Summit Equity Group in these companies is normally less than $1 million.

9. Defendant Summit Partners is the identified owner of six U.S. trademark registrations:

| U.S. REGISTRATION NO. | TRADEMARK | FILING DATE |
| --- | --- | --- |
| 2,974,999 | SUMMIT PARTNERS & Design | March 3, 2000 |
| 3,312,769 | SUMMIT PARTNERS | April 18, 2006 |
| 3,312,765 | SUMMIT PARTNERS VENTURE CAPITAL FUND | April 18, 2006 |

| | | |
|---|---|---|
| 3,312,766 | SUMMIT PARTNERS SUBORDINATED DEBT FUND | April 18, 2006 |
| 3,312,767 | SUMMIT PARTNERS PRIVATE EQUITY FUND | April 18, 2006 |
| 3,307,527 | SUMMIT PARTNERS LEADERS IN PRIVATE EQUITY AND VENTURE CAPITAL & Design | April 18, 2006 |

True and correct copies of each of these registrations are attached hereto as Exhibits A-F. The services identified in each of these registrations is "financial and investment services, except those provided by traditional consumer banking institutions, namely providing private equity and venture capital investment funds."

10. Summit Partners has no registrations for the mark SUMMIT alone.

11. On November 7, 2006 and February 6, 2007, counsel for Summit Partners sent letters to Summit Equity Group asserting Summit Equity Group's use of their name infringed Summit Partners trademark rights, and demanded that Summit Equity Group cease and desist from using the SUMMIT EQUITY name, as well as any other uses that are confusingly similar to its trademarks. True and correct copies of the November 7, 2006 and February 6, 2007 letters are attached hereto as Exhibits G and H.

12. On February 15, 2007, counsel for Summit Equity Group responded to Summit Partner's counsel, stating that Summit Equity Group believed that no such infringement existed because there was no likelihood of confusion in view of numerous other uses of Summit relating to financial, investment, and equity services and in view of the fact that parties respective uses had coexisted peacefully for several years. A true and correct copy of the February 15 2007 letter is attached hereto as Exhibit I.

13. Summit Partners never sent a response to Summit Equity Group's February 15, 2007 letter.

14. On October 31, 2007, Summit Partners sued Summit Equity Group in the United States District Court for the District of Massachusetts for federal trademark infringement, false designation of origin and unfair competition, trademark dilution, common law trademark infringement, and common law unfair competition. A true and correct copy of the Complaint is attached hereto as Exhibit J.

15. Because Summit Equity Group has established no meaningful contacts, ties or relations with the Commonwealth of Massachusetts in that it has never maintained an office or place of business in Massachusetts, is not registered to do business in Massachusetts, has never appointed any agent to act for it or accept service of process in Massachusetts, has never had any employees in Massachusetts, has never maintained a telephone number, mailing address, or bank account in Massachusetts, has never had any interest in, use, or possession of any property in Massachusetts, and has never made any sales agents in Massachusetts, there is no personal jurisdiction over Summit Equity Group in Massachusetts.

16. Based on the filing of the Complaint in Massachusetts, Summit Partners has shown a willingness and ability to enforce its alleged trademark rights through litigation or other adversary proceedings. Based at least on Summit Partners November 7, 2006 and February 6, 2007 demand that Summit Equity cease and desist using its "SUMMIT EQUITY" mark and the filing of the Massachusetts' Complaint, Summit Equity has a reasonable apprehension of imminent litigation if it continues the activities in question.

17. Summit Equity Group asserts that its name and trademark does not infringe or otherwise violate any rights of Summit Partners, under federal law, state law or common law.

18.     An actual and justiciable controversy exists between the parties.  Summit Equity Group therefore seeks a judicial determination that Summit Partner's trademark rights have not been infringed or diluted, and that no unfair competition exists.

## COUNT I
### (Declaratory Judgment of No Trademark Infringement)

19.     Summit Equity Group realleges each of the allegations above and incorporates the same by reference as if fully set forth herein.

20.     There has been and is now an actual justiciable controversy between the parties with respect to alleged infringement of Summit Partner's trademark rights afforded by their U.S. federal trademark registrations.

21.     Summit Equity Group contends that its use of SUMMIT EQUITY GROUP and SUMMIT EQUITY in conjunction with its investment services do not infringe any valid, enforceable trademark rights of Summit Partners under federal, state, or common law.

22.     Summit Partners disputes this non-infringement assertion of Summit Equity Group, and has demanded Summit Equity Group to cease and desist use of its name and trademark.  As a result, there is a sufficient case of controversy between the parties to invoke this Court's declaratory judgment jurisdiction under 28 U.S.C. § 2201 & 2202.

23.     Summit Equity Group's use of its name and trademark have been in good faith, without intent to trade upon any existing trademark rights of Defendant.

24.     Summit Equity Group is unaware of any instances of consumer confusion with Summit Partners, and each parties' respective trademarks.

25. Summit Partners' trademarks are only entitled to a narrow scope of protection, in view of disclaimers made during the prosecution of the applications which matured into U.S. registrations.

26. There are substantial third party registrations and uses of various marks which include the term "Summit" in the financial industry, which further narrow the scope of protection for Summit Partners' trademarks.

27. A judicial declaration that Summit Equity Group's name and trademark do not infringe Summit Partner's trademarks is appropriate to resolve this controversy between the parties.

## COUNT II
### (Declaratory Judgment of No False Designation of Origin or Unfair Competition under 15 U.S.C. § 1125(a))

28. Plaintiff realleges each of the allegations above and incorporates the same by reference as if fully set forth herein.

29. Summit Equity Group's name and trademark do not falsely designate, mislead, confuse or deceive consumers with respect to any relationship, sponsorship, endorsement or other connection between Summit Equity Group and Summit Partners.

30. A judicial declaration that Summit Equity Group's name and trademark do not violate 15 U.S.C. § 1125(a) is appropriate to resolve this controversy between the parties.

## COUNT III
### (Declaratory Judgment of No Dilution of Any of Defendant's Trademarks)

31. Plaintiff realleges each of the allegations above and incorporates the same by reference as if fully set forth herein.

32.   Summit Partners' marks are not "famous" in the context of the Trademark Dilution & Revision Act of 2006, and thus, Defendant cannot maintain a claim for dilution.

33.   A judicial declaration that Summit Equity Group's name and trademark do not dilute any alleged trademarks owned by Summit Partners is necessary and appropriate in order to resolve this controversy between the parties.

## PRAYER FOR RELIEF

WHEREFORE, Summit Equity Group requests that the Court enter judgment in its favor and against Defendant Summit Partners by declaring as follows:

A.   That Summit Equity Group's use of its name SUMMIT EQUITY GROUP and its trademark SUMMIT EQUITY do not infringe any valid and enforceable trademark rights held by Summit Partners;

B.   That Summit Equity Group's use of its name and trademark do not falsely designate origin or unfairly compete with any rights of Summit Partners;

C.   That Summit Equity Group's use of its name and trademark do not dilute any valid and enforceable rights of Summit Partners;

D.   That Summit Equity Group be awarded its costs, expenses and attorney's fees for bringing and prosecuting this action; and

E.   That Summit Equity Group be award such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues triable by jury.

Respectfully submitted,

/s/ Kirk M. Hartung
Kirk M. Hartung
Christine Lebrón-Dykeman
McKEE, VOORHEES & SEASE, P.L.C.
801 Grand Avenue, Suite 3200
Des Moines, IA 50309-2721
Phone:  515-288-3667
Fax:  515-288-1338
Email:  hartung@ipmvs.com
Email:  lebrón-dykeman@ipmvs.com
Email:  mvslit@ipmvs.com

*ATTORNEYS FOR PLAINTIFF*
*SUMMIT EQUITY GROUP*